**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**JOSE G. SUAREZ,**
**# B15573,**

**Plaintiff,**

**vs.** **Case No. 4:26cv51-TKW-MAF**

**CENTURION HEALTHCARE SERVICES, et al.,**

**Defendants.**
**_______________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, initiated this case in late January 2026 by submitting a complaint, ECF No. 1, and thereafter, an in forma pauperis motion, ECF No. 4, and amended complaint, ECF No. 6. Plaintiff's in forma pauperis motion was granted on April 13, 2026, ECF No. 7, and Plaintiff was assessed an initial partial filing fee of $31.50 which was paid on May 26, 2026. ECF No. 9.

An Order was then entered, requiring Plaintiff to file a second amended complaint by July 6, 2026. ECF No. 10. Plaintiff was warned that if he failed to comply, a recommendation would be entered to dismiss

this case. *Id.* at 2. Further, if Plaintiff no longer wanted to proceed, he should file a notice of voluntary dismissal by the same deadline. *Id.* Plaintiff has not filed a second amended complaint.

He did, however, submit a letter to the Court on June 29th, ECF No. 11, but there are two problems with that letter. First, the Local Rules provide that a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). Thus, Plaintiff's letter is insufficient to be deemed a notice of voluntary dismissal or a request for an extension of time. Second, the letter is insufficient because it is written in Spanish. Therefore, because Plaintiff has failed to file a second amended complaint as required, this case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)." Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). This Court has inherent authority to dismiss a case *sua sponte* for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA,

432 F.3d 1333, 1337 (11th Cir. 2005)). In addition, the Local Rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, rake other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. Because Plaintiff was warned of the consequences of failing to comply, this case should now be dismissed for failure to prosecute and comply with Court Orders.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**